**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

RECEIVED

2006 SEP 22 A 10: 16

| | |
|---|---|
| **CALLIE STAPLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.:** |
| | ) 2:06 CV 847 - MHT |
| | ) |
| **HI-RIDGE TRANSPORT, INC.,** | ) |
| | ) |
| **Defendant.** | ) **DEMAND FOR JURY TRIAL** |
| | ) |

## COMPLAINT

**I.    JURISDICTION**

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 1331, 1343(4), 2201 and 2202. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991, and 42 U.S.C. § 1981a, and the Pregnancy Discrimination Act, Section 701(k).

2.    The plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended the "Civil Rights Act of 1991", 42 U.S.C. § 2000e *et seq.* The plaintiff timely filed her charge of discrimination within 180 days of the occurrence of

1

the last discriminatory act. The plaintiff timely filed her lawsuit within 90 days of the receipt of her right-to-sue letter from the EEOC.

## II.    PARTIES

3.    The plaintiff, Callie Stapler, (hereinafter "plaintiff") is a citizen of the United States, and a resident of the State of Alabama. The plaintiff was employed by the defendant in January 2004 and continued working until her termination on August 5, 2005.

4.    The defendant, Hi-Ridge Transport, Inc., (hereinafter "defendant") is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e *et seq.* The defendant employs at least fifteen (15) persons.

## III.    FACTS

5.    The plaintiff was hired on or around January 28, 2004 as a billing clerk. Shortly thereafter, the plaintiff was promoted to lead dispatcher on the night shift.

6.    In May 2005, plaintiff informed her employer that she was pregnant.

7.    During her pregnancy, plaintiff was subjected to unwelcome and intentional discrimination and harassment because of her pregnancy and/or illness related thereto. For example, management commented that the plaintiff did not need to take sick time due to morning sickness because she worked nights.

2

8.    On August 5, 2005, the plaintiff informed the defendant that she needed to go to the emergency room due to a pregnancy related illness.

9.    Shortly after the plaintiff called in, she received a phone call from the human resources manager informing her that she was terminated due to an alleged reduction-in-force, despite her seniority over other co-workers. Defendant also stated the plaintiff was terminated because of her pregnancy-related condition.

10.    The defendant acted with malice and/or with reckless indifference to the plaintiff's federally protected rights when it terminated her because of her pregnancy.

## IV.    CAUSES OF ACTION – SEX AND PREGNANCY DISCRIMINATION

11.    The plaintiff reavers and incorporates paragraphs 1-10 above as if fully set forth herein.

12.    The defendant intentionally discriminated against the plaintiff based on her sex and pregnancy in termination, job assignments, disciplines, and other terms, conditions, and privileges of her employment.

13.    The defendant engages in a pattern and practice of discriminating against women in job assignments, disciplines, discharge and other terms, conditions, and privileges of employment.

14.    Said discrimination was done maliciously, willfully, and with reckless disregard for plaintiff's rights.

15.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

16.    Plaintiff is now suffering, and will continue to suffer irreparable injury from defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## V.    DAMAGES

1.    The plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain, anguish, and lost wages as a consequence of the defendant's unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.    Issue a declaratory judgment that the defendant's employment policies, practices, procedures, conditions and customs are violative of the plaintiff's rights as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981a, and the Pregnancy Discrimination Act, Section 701(k).

2.    Grant the plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the

defendant and at the defendant's request from continuing to violate Title VII of the Act

of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e

*et seq.*, 42 U.S.C. § 1981a, and the Pregnancy Discrimination Act, Section 701(k).

3.      Enter an Order requiring the defendant to make the plaintiff whole by

awarding her reinstatement, lost wages (plus interest), compensatory and punitive

damages, loss of benefits including retirement, pension, seniority and other benefits

of employment.

4.      The plaintiff further prays for such other relief and benefits as the cause

of justice may require, including, but not limited to, an award of costs, attorneys' fees

and expenses.

## JURY DEMAND

## THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.

Respectfully submitted,

Deborah A. Mattison (*dmattison@wcqp.com*)
Audrey R. Channell (*achannell@wcqp.com*)
Attorneys for Plaintiff

**OF COUNSEL:**
**WIGGINS, CHILDS, QUINN & PANTAZIS, LLC**
The Kress Building
301 19th Street North
Birmingham, AL  35203
Telephone No.: (205) 314-0500

5

**Defendant's address:**
Hi-Ridge Transport, Inc.
c/o Registered Agent Kendrick McCullough
Rt. 1, Box 519
Highland Home, Alabama 36041