UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 OCT 30  P 4: 33

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| CALLIE STAPLER, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. : **2:06-CV-847-MHT** |
| HI-RIDGE TRANSPORT, INC.; | ) |
| Defendant. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant Hi-Ridge Transport, Inc., and answers the allegations of Plaintiff's Complaint as follows:

## ANSWER

1. The Defendant admits that this is an action alleging redress for unlawful gender discrimination and violation of the Pregnancy Discrimination Act, but expressly denies discriminating against the Plaintiff and denies that it violated any statues alleged.

2. The Defendant denies Paragraph 2 of the Plaintiff's Complaint and demands strict proof thereof.

3. The Defendant admits Paragraph 3 of the Plaintiff's Complaint. Stapler is a citizen of the United States and a resident of the State of Alabama. The Plaintiff admits that she was employed by the Defendant in January of 2004 and continued working until August 5, 2005; however, the Defendant denies terminating the Plaintiff from her employment in August of 2005 and demands strict proof thereof.

1

4.  The Defendant admits Paragraph 4 of the Plaintiff's Complaint.

5.  The Defendant admits Paragraph 5 of the Plaintiff's Complaint.

6.  The Defendant denies Paragraph 6 of the Plaintiff's Complaint and demands strict proof thereof.

7.  The Defendant denies Paragraph 7 of the Plaintiff's Complaint and demands strict proof thereof.

8.  The Defendant denies Paragraph 8 of the Plaintiff's Complaint and demands strict proof thereof.

9.  The Defendant denies Paragraph 9 of the Plaintiff's Complaint and demands strict proof thereof.

10. The Defendant denies Paragraph 10 of the Plaintiff's Complaint and demands strict proof thereof.

11. The Defendant adopts any answers given in Paragraphs 1-10 above.

12. The Defendant denies Paragraph 12 of the Plaintiff's Complaint and demands strict proof thereof.

13. The Defendant denies Paragraph 13 of the Plaintiff's Complaint and demands strict proof thereof.

14. The Defendant denies Paragraph 14 of the Plaintiff's Complaint and demands strict proof thereof.

15. The Defendant denies Paragraph 15 of the Plaintiff's Complaint and demands strict proof thereof.

16. The Defendant denies Paragraph 16 of the Plaintiff's Complaint and demands strict proof thereof.

## DAMAGES

Defendant denies Paragraph 1 of the Plaintiff's Claim for Damages.

## RELIEF

1. The Defendant denies Paragraph 1 of the Plaintiff's prayer for Relief and demands strict proof thereof.

2. The Defendant denies Paragraph 2 of the Plaintiff's prayer for Relief and demands strict proof thereof.

3. The Defendant denies Paragraph 3 of the Plaintiff's prayer for Relief and demands strict proof thereof.

4. The Defendant denies Paragraph 4 of the Plaintiff's prayer for Relief and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. Except to the extent expressly admitted above, the Defendant denies the material allegations of Plainitiff's Complaint and demands strict proof thereof.

2. Plaintiff's Complaint and the separate and several Counts thereof fail to state a claim upon which relief may be granted.

3. Plaintiff has failed or neglected to use reasonable means to protect herself from loss and/or to minimize or mitigate the alleged losses and damages complained of in her Complaint.

4. In order to avoid waiver, Defendant states that some or all of Plaintiff's claims are barred by Plaintiff's failure to timely pursue and/or exhaust all required administrative remedies and/or to satisfy all necessary jurisdictional prerequisites to the filing of this suit.

5. In order to avoid waiver, Defendant states that Plaintiff's claims are barred, in whole or in part, under the applicable statutes of limitations and/or are untimely.

6. Defendant's actions toward Plaintiff were taken for legitimate, nondiscriminatory and non-retaliatory reasons and in good faith and without regard to her sex status of a pregnant female.

7. Defendant is not liable for the actions of its agents, servants or employees committed outside the scope of their employement.

8. Plaintiff's calims and/or damages are barred, in whole or in part, because Plaintiff has not sustanied injury or damage as a result of the matters averred in the Complaint.

9. The alleged discrimination was not sufficiently severe or pervasive to constitute discrimination on the basis of sex or pregnancy.

10. Defendant is neither authorized nor ratified any alleged wrongful actions by its employees.

11. The Defendant is shielded from liability by the quick and effective response by management.

12. Defendant may not be held liable for punitive damages as Defendant has undertaken a good faith effort to comply with Title VII and related state and federal laws and has never acted with malice or with reckless indifference to federally protected or related personal/civil rights. *See Kolstad v. American Dental Ass'n,* 119 S.Ct.2118, 2128-29 (1999).

13. With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decision of *BMW of No. America v. Gore*, 116 U.S. 1589 (1996).

14. Plaintiff is not entitled to punitive damages under federal or Alabama law.

15. Defendant exercised reasonable care to prevent and correct promptly any illegal behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employee and/or to avoid harm otherwise. See *Burlington Indus. Inc. v. Ellerth,* 525 U.S. 742 (1998); *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998).

16. Plaintiff's damages will be limited due to after-acquired evidence.

17. All emplyment decisions or actions by Defendant with regard to Plaintiff were based on legitimate, non-discriminatory reasons.

18. Defendant denies that it was motivated by unlawful animus when it took employment action with regard to Plaintiff. Defendant asserts, however, that it would have made the same employment decision(s) irrespective of any unlawful motive. See *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775 (1989).

19. This civil action is frivolous and Defendant is entitled to recover from Plaintiff and her counsel reasonable attorney's fees and expenses.

20. Even if Plaintiff's sex was a factor in Defendant's employment decisions (which Defendnat denies), other factors would have led to the same decisions, regardless of Plaintiff's sex. *Mt. Healthy School District Board of Education v. Doyle*, 429 U.S. 274 (1977).

21. Defendant avers that a statutory cap on damages exists as to this Defendant.

22. At the time of the filing this Answer, Defendant has neither commenced nor completed discovery in this cause and respectfully reserves the fight to amend this Answer based on discovery of additional information or affirmative defenses at a later date, up to and including the time of trial.

Respectfully submitted,

Thomas C. Tankersley
ASB-0492-R747
Attorney for Defendant,
Hi-Ridge Transport, Inc.

OF COUNSEL:

THOMAS C. TANKERSLEY, P.C.
602 South Hull Street
P.O. Box 11386
Montgomery, Alabama 36111
(334) 819-7890
thomas@tctankpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing on the following counsel, by placing same in the United States Mail, postage prepaid, on this the 30th day of October, 2006.

Deborah A. Mattison
Audrey R. Channell
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, AL  35203

OF COUNSEL